GailAnn Y. Stargardter (Bar No. 250749)
gstargardter@mvjllp.com
Guevara Lindholm-Dizayee (Bar No. 310548)
gdisayee@mvjllp.com
MOKRI VANIS & JONES, LLP
4100 Newport Place, Suite 840
Newport Beach, California 92660
Telephone:   949.226.7040
Facsimile:   949.226.7150

Attorneys for Plaintiff
ATAIN SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation<br><br>Plaintiff,<br><br>v.<br><br>JKT ASSOCIATES, INC., a California domestic stock corporation; ELIZABETH CHRISTENSEN, an individual; RICHARD MEESE, an individual; LORA EICHNER BLANUSA, M.D., an individual; KRISTI SYNEK, an individual; HIDDEN HILLS OWNERS' ASSOCIATION, a California business entity, form unknown; and Does 1 through 50, inclusive,<br><br>Defendant. | Case No. 3:19-cv-7588<br><br>**ATAIN SPECIALTY INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff ATAIN SPECIALTY INSURANCE COMPANY for its Complaint against Defendants JKT ASSOCIATES, INC., ELIZABETH CHRISTENSEN, RICHARD MEESE, LORA EICHNER BLANUSA, M.D., KRISTI SYNEK, HIDDEN HILLS OWNERS' ASSOCIATION and DOES 1 through 50, inclusive, alleges as follows:

**JURISDICTION AND VENUE**

1.   Jurisdiction of this action is founded upon Title 28 United States Code section 1332, as there is complete diversity of citizenship between Plaintiff and Defendant in this matter and the

amount in controversy exceeds the sum of $75,000, exclusive of interest and cost. This Court also has jurisdiction over this claim under the Declaratory Judgment Act (28 U.S.C. § 2201).

2. Venue is proper in the Northern District of California, pursuant to Title 28 United States Code section 1391(b)(1) and (c)(2) in that Defendant JKT Associates, Inc., is a California domestic stock corporation with its principal place of business in Sonoma, California, the remaining defendants are residents of Napa, California and are subject to this Court's personal jurisdiction at the time this action is commenced. Venue is also proper in this district pursuant to Title 28 United States Code section 1391(b)(2) as the insurance contract was issued to JKT Associates, Inc. in Sonoma, California and the loss giving rise to this action occurred in Napa, California.

## PARTIES

3. Plaintiff Atain Specialty Insurance Company ("Atain") is a corporation organized and incorporated under the laws of the State of Michigan, with its principal place of business in Farmington Hills, Michigan.

4. Defendant JKT Associates, Inc. ("JKT") is a California domestic stock corporation with its principal place of business at 21600 8th Street, East, #4, Sonoma, California.

5. Defendant Elizabeth Christensen is an individual residing at 1213 Tall Grass Court, Napa, California.

6. Defendant Richard Meese is an individual residing at 1213 Tall Grass Court, Napa, California.

7. Lora Eichner Blanusa, M.D. is an individual residing in Napa, California.

8. Kristi Synek is an individual residing at 1207 Tall Grass Court, Napa, California

9. Hidden Hills Owners' Association is the owners association for the properties located at Tall Grass Court, Beartooth Lane, Casper Way, Tall Grass Drive, and Riverton Court in Napa, California.

## GENERAL ALLEGATIONS

**A.     Background Information**

10. 1207 Tall Grass Court and 1213 Tall Grass Court are single family home properties located in the Hidden Hills subdivision of Napa, California.

11.     Construction of 1207 Tall Grass Court was completed in January of 2011.  The home was purchased by Krista Synek in July of 2018.

12.     Construction of 1213 Tall Grass Court was completed in February of 2011.  The home was purchased by Dr. Blanusa on February 28, 2011.

13.     Dr. Blanusa hired JKT to perform landscape and hardscape work on the property. JKT performed most of the landscape/hardscape work, which included erecting a concrete perimeter landscape seat-wall, pouring a concrete slab extending from the back of the house out to the back yard, constructing a pergola, installing the coping around the pool, constructing an outdoor kitchen, gas fireplace, landscape wall and outdoor concrete staircase in 2011. In 2012, JKT did some planting on the slope.

14.     Dr. Blanusa sold the home to Mike and Miriam Glavin in 2016.  In 2018, Richard Meese and Elizabeth Christiansen purchased 2013 Tall Grass Court and are the current owners of this property.

15.     Dr. Blanusa, Ms. Synek, Ms. Christensen and Mr. Meese are collectively referred to as "Homeowners".

**B.     The Loss and Tender of Loss to Atain.**

16.     In March of 2019, the soil behind the house, underneath the backyard, and underneath the patio at 2013 Tall Grass Court became unstable and began to move.

17.     In April of 2019, the property located at 2013 Tall Grass Court suffered a catastrophic landslide, resulting in the loss of a significant portion of the backyard and improvements thereon.  The landslide also damaged the property located at 1207 Tall Grass Court and other common areas of the Hidden Hills Development.

18.     In August of 2019, Mr. Meese and Ms. Christensen notified JKT of the damage caused to their property as a result of the earth movement/landslide and advised that the hillside remains unstable.

19.     Mr. Meese and Ms. Christensen notified JKT that the work it performed on the property caused or contributed to cause the landslide/earth movement and resulting damage and that they and others, including Hidden Hills Owners' Association would be bringing tort claims against

JKT.

20.    In August of 2019, JKT received notification from The O'Brien at Partrick Road, LLC, the developer the Hidden Hills subdivision, that the owner of 1207 Tall Grass Court—Ms. Synek, and the owners of 1213 Tall Grass Court—Mr. Meese and Ms. Christensen, were contending that its work on the property located at 1213 Tall Grass Court caused or contributed to the landslide and resulting damage to those properties and requested that JKT acknowledge and accept responsibility for the damage and repair costs alleged by the current owners of 1207 and 1213 Tall Grass Court.

21.    The letter from The O'Brien at Partrick Road, LLC notified JKT that the homeowners, Hidden Hills Owner's Association and others were participating in an inspection and mediation process with Special Master and Mediator Anne Lawlor Goyette. JKT was encouraged to participate in the process.

22.    In August of 2019, Lora Eichner Blanusa, M.D., the former owner of 2013 Tall Grass Court, notified JKT of the potential for lawsuits arising out of the "catastrophic landslide resulting in the loss of a significant portion of the backyard" to the current occupants of the home she previously owned and on which JKT performed landscaping/hardscaping improvements, including the potential for suits filed against her by the current owners and the Hidden Hills Owner's Association.

23.    The estimated cost of interim repairs to 1213 Tall Grass Court are $411,000.00.

24.    The estimated costs of interim repairs to 1207 Tall Grass Court are between $148,400.00 to $200,000.00.

25.    On or about August 21, 2019, JKT tendered defense of the claims asserted by the Homeowners and The O'Brien at Partrick Road to Atain.

**C.    The Atain Policies**

26.    Atain issued two successive policies to JKT. Policy No. CIP341994 was in force from April 11, 2018 through April 11, 2019. Policy No. CIP371947 is in force from April 11, 2019 through April 11, 2020. True and correct copies of these policies are attached hereto as **Exhibit A** and incorporated herein by reference.

27. Both policies provided commercial general liability coverage under Commercial General Liability Coverage Form CG 00 01 (04/13). The Coverage A insuring agreement states:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

   **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply….

   * * *

   **b.**  This insurance applies to "bodily injury" and "property damage" only if:

   **(1)**  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

   **(2)**  The "bodily injury" or "property damage" occurs during the policy period; and

28. The Coverage A portions of the Atain policies contain the following exclusions:

**2.  Exclusions**

This insurance does not apply to:

   * * *

   **b.  Contractual Liability**

   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

   **(1)**  That the insured would have in the absence of the contract or agreement; or

   **(2)**  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the

execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    **(a)**    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    **(b)**    Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

**k.**    **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.**    **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.**    **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    **(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    **(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

29. Both policies contain the following endorsement:

**ENDORSEMENT AF-33430 (06/2016)—SUBSIDENCE EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence," "suit," liability, claim, demand or cause of action arising, in whole or part, out of any "earth movement." This exclusion applies whether or not the "earth movement" arises out of any operations by or on behalf of the insured.

"Earth movement" includes, but is not limited to: any earth sinking, rising, settling, tilting, shifting, slipping, falling away, caving, erosion, subsidence, mud flow or any other movement of land or earth.

30. Both policies contain the following endorsement:

**ENDORSEMENT AF 001 007 (06/2017)—COMBINED COVERAGE AND   EXCLUSION ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

VI.   PROFESSIONAL SERVICES EXCLUSION

The following exclusion is added to Part 2. Exclusions of **SECTION I—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILTY** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY of the COMMERCIAL GENERAL LIABILITY FORM**.

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability, demand or cause of action arising, in whole or in part, out of any claim involving the rendering or failure to render any "professional service."

Further, when any insured has purchased or obtained errors and/or omissions coverage or any other type of professional service coverage and the claim, in any way arises, in whole or part, out of the services performed by any insured, there shall be no duty to defend or indemnify under this policy. Whether or not such E&O or any other professional coverage has been purchased or obtained, however, the first paragraph of this exclusion remains in full force and effect. "Professional Service" includes, but is not limited to, any of the following: (1) accountant; (2) architect; (3) engineer; (4) insurance agent or broker; (5) lawyer; (6) any medical professional; (7) real

Complaint for Declaratory Relief and Reimbursement.        7        Case No. 3:19-cv-7588

estate broker or agent; (8) surveyor; (9) health inspector; (10) safety inspector; (11) any service where the insured is retained or asked to render an opinion, written or verbal, to a third party; or (12) any other service that is of a professional nature, regardless of whether a license or certification is required.

31. Both policies contained the following Definitions:

**SECTION V – DEFINITIONS**

    **8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

        **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

        **b.** You have failed to fulfill the terms of a contract or agreement;

    if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

        \* \* \*

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

        \* \* \*

    **16.** "Products-completed operations hazard":

        **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

            **(1)** Products that are still in your physical possession; or

            **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

                **(a)** When all of the work called for in your contract has been completed.

                **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

17.    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18.    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

    \* \* \*

21.    "Your product":

    **a.**    Means:

        **(1)**    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            **(a)**    You;

    \* \* \*

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

**(2)** The providing of or failure to provide warnings or instructions.

\* \* \*

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)** The providing of or failure to provide warnings or instructions.

**D.  Atain's Response to the JKT's Tender**

32. On August 23, 2019, Atain advised JKT that it would provide JKT with a defense to the claims asserted as a result of the catastrophic landslide and ongoing instability of the hillside subject to a full and complete reservation of rights. A true and correct copy of Atain's reservation of rights letter is attached hereto as **Exhibit B**.

33. Atain reserved its rights to decline coverage, withdraw from the defense of JKT and seek reimbursement of any defense fees it incurred or any amounts paid in settlement of the claims asserted against JKT based on the Contractual Liability, Damage to Your Product, Damage to Your Work, Impaired Property, Subsidence and Professional Services Exclusions included in Policy Nos. CIP341994 and CIP371947.

34. Atain agreed to allow JKT to participate in the alternative dispute resolution proceedings being handled by the Special Master/Mediator.

35. Atain appointed counsel to represent JKT in the alternative dispute resolution proceedings being handled by the Special Master/Mediator.

/ / /

/ / /

## FIRST CAUSE OF ACTION

### (Declaratory Judgment—No Duty to Defend JKT)

36. For its first cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1-35 above.

37. Atain acknowledges that the claims asserted against JKT by the Homeowners and Hidden Hills Owners' Association fall within the scope of the Coverage A insuring agreement in Policy Nos. CIP341994 and CIP371947.

38. Atain contends **ENDORSEMENT AF-33430 (06/2016)—SUBSIDENCE EXCLUSION** included in Policy Nos. CIP341994 and CIP371947 removes all potential for coverage for the claims that have been or may be asserted against JKT by the Homeowners, Hidden Hills Owners' Association and Does 1-50 with respect to its work at 1213 Tall Grass Court and any resulting damage, as a matter of law.

39. Atain contends the Professional Services Exclusion included in Paragraph VI of **ENDORSEMENT AF 001 007 (06/2017)—COMBINED COVERAGE AND   EXCLUSION ENDORSEMENT** included in Policy Nos. CIP341994 and CIP371947 removes all potential for coverage for the claims that have been or may be asserted against JKT by the Homeowners, Hidden Hills Owners' Association and Does 1-50 with respect to its work at 1213 Tall Grass Court and any resulting damage, as a matter of law.

40. Atain contends the following exclusions included in Policy Nos. CIP341994 and CIP371947 under **Section I—Coverage A Bodily Injury And Property Damage Liability, Paragraph 2. Exclusions:  b. Contractual Liability; k. Damage to Your Product; l. Damage to Your Work and  m. Damage to Impaired Property or Property Not Physically Injured,** remove all potential for coverage for the claims that have been or may be asserted against JKT by the Homeowners, Hidden Hills Owners' Association and Does 1-50 with respect to its work at 1213 Tall Grass Court and any resulting damage, as a matter of law.

41. Atain contends that it has no duty to defend JKT against the claims that have been or may be asserted by the Homeowners, Hidden Hills Owners' Association. and Does 1-50, inclusive, with respect to its work at 1213 Tall Grass Court and any resulting damage for the reasons set forth

in Paragraphs 38-40, above.

42. Atain is informed and believes that JKT disputes each of Atain's contentions and asserts that, pursuant to the terms included in Policy Nos. CIP341994 and CIP371947, Atain is obligated to afford it a defense to the claims that have been or may be asserted by the Homeowners, Hidden Hills Owners' Association and Does 1-50 arising out of its work at 1213 Tall Grass Court and any resulting damage.

43. Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to defend JKT with respect to any and all claims that may be asserted against it arising out of its work at 1213 Tall Grass Court.

44. Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury in that it has and will continue to incur investigate costs and fees and defense costs and fees in defending against claims that are not covered under its policies. Such a declaration is appropriate in order that Atain and JKT may ascertain their respective rights and duties under Policy Nos. CIP341994 and CIP371947. Such controversy is incapable of resolution without judicial adjudication.

45. If the Court determines that Atain owes a duty to defend under Policy Nos. CIP341994 and CIP371947 for some, but not all, of the claims asserted against JKT, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any attorney fees, costs, or investigative fees and costs incurred by it.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment—No Duty to Indemnify JKT)

46. For its second cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1-45, above.

47. For the reasons set forth in Paragraphs 38-40 above, Policy Nos. CIP341994 and CIP371947 do not afford coverage for any settlements that may be entered into or any judgment that may be entered against JKT with respect to its work at 2013 Tall Grass Court and any resulting damage.   Therefore, the claims asserted JKT by the Homeowners, Hidden Hills Owners' Association and Does 1- 50 do not trigger any duty on the part of Atain to indemnify JKT against

any settlements or satisfy any judgments that may be entered against it arising out of these claims.

48. An actual controversy has arisen and now exists between Atain, on the one hand, and JKT, the Homeowners, Hidden Hills Owners' Association and Does 1-50 on the other hand, concerning their respective rights and duties under Policy Nos. CIP341994 and CIP371947 and applicable law.

49. Atain contends that it has no duty to indemnify JKT against any settlements or satisfy any judgments the Homeowners, Hidden Hills Owners' Association or Does 1-50 may obtain against it.

50. Atain is informed and believes that JKT, the Homeowners, Hidden Hills Owners' Association or Does 1-50 dispute each of Atain's contentions and contend that, pursuant to the terms in Policy Nos. CIP341994 and CIP371947, Atain is obligated to indemnify JKT against the claims asserted in this matter and satisfy any settlements or judgments that may be entered into or against JKT with respect to those claims.

51. Atain therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to indemnify JKT or satisfy any settlements or judgments that may be entered into or against it with respect to any claims asserted against it in this matter.

52. Such declaration is necessary and appropriate because Atain has no plain, speedy or adequate remedy at law, and by reason of such delay, will suffer great and irreparable injury. Such a declaration is appropriate in order that Atain and JKT, the Homeowners, Hidden Hills Owners' Association and Does 1-50 may ascertain their respective rights and duties under Policy Nos. CIP341994 and CIP371947. Such controversy is incapable of resolution without judicial adjudication.

53. If the Court determines that Atain owes a duty to indemnify under Policy Nos. CIP341994 and CIP371947 for some, but not all, of the claims asserted against JKT, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any settlements or judgments.

/ / /

/ / /

## THIRD CAUSE OF ACTION

**(Reimbursement of Defense Fees and Costs–Against JKT)**

54. For its third cause of action, Atain incorporates herein, as if fully restated, paragraphs 1-53 above.

55. In light of the fact that all of the costs and fees incurred in the defense of JKT with respect to the claims asserted by the Homeowners, Hidden Hills Owners' Association and Does 1-50 are not the responsibility of Atain inasmuch as there is no coverage for these claims under its policies, Atain is entitled to a full and complete reimbursement from JKT of all such fees, costs, paid, incurred, or to be incurred, in connection with the defense of these claims.

56. Pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and other cases, Atain is entitled to recover damages from JKT by way of reimbursement of all defense fees and costs incurred or to be incurred in connection with the Underlying Action in a sum which will be proved at trial.

57. If the Court determines there is coverage under Policy Nos. CIP341994 and CIP371947 for some, but not all, of the claims asserted against JKT in the Underlying Action, Atain is entitled to and desires an allocation between covered and non-covered claims, if any, and reserves the right to seek reimbursement from JKT of any defense expenditures allocated to non-covered claims.

## FOURTH CAUSE OF ACTION

**(Reimbursement of Indemnification Payments–Against JKT,)**

58. For its fourth cause of action, Atain incorporates herein by reference, as if fully restated, paragraphs 1-57, above.

59. In light of the fact that any indemnity which may be paid in connection with a resolution or judgment of the claims asserted by the Homeowners, Hidden Hills Owners' Association or Does 1-50 is not the responsibility of Atain inasmuch as there is no coverage for the those claims under its policies, Atain is entitled to a full and complete reimbursement from JKT of all such fees, costs, and indemnity paid, incurred, or to be incurred, in connection with the claims asserted.

60. Pursuant to *Scottsdale Ins. Co. v. MV Transportation*, 36 Cal.4th 643 (2005), *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal.4th 489 (2001), and other cases, Atain is entitled to recover damages from JKT by way of reimbursement of all indemnity incurred or to be incurred in connection with the claims asserted against it in a sum which will be proved at trial.

61. If the Court determines that Atain owes a duty to indemnify under Policy Nos. CIP341994 and CIP371947 for some, but not all, of the claims asserted against JKT, Atain is entitled to and desires an allocation between covered and non-covered claims for payment of any settlements or judgments.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Atain prays for relief as follows:

1. For a judgment that, by reason of the terms, conditions, and exclusions in Policy Nos. CIP341994 and CIP371947, no duty to defend is owed to JKT with respect to any claims asserted against it with respect to the work it performed at 2013 Tall Grass Court, as set forth in the first cause of action herein;

2. For a judgment that, by reason of the terms, conditions, and exclusions in Policy Nos. CIP341994 and CIP371947, no duty to indemnify is owed to JKT with respect to any claims asserted against it with respect to the work it performed at 2013 Tall Grass Court, as set forth in the second cause of action herein;

3. For a judgment that Atain is entitled to reimbursement from JKT for any and all sums expended in defense of any claims asserted against it with respect to the work it performed at 2013 Tall Grass Court, as set forth in the third cause of action herein;

4. For a judgment that Atain is entitled reimbursement from JKT for any and all sums expended in settlement of the claims asserted against it or paid to satisfy any settlements or judgments that may be entered into or against it with respect to the work it performed at 2013 Tall Grass Court, as set forth in the fourth cause of action herein;

5. If this Court declares that Nos. CIP341994 and CIP371947 applies to some but not all of the claims asserted against JKT, Atain seeks a declaration allocating between covered and non-covered claims all fees, costs, expenses, settlements and/or judgments made in connection with

the claims asserted;

      6.      For an Order authorizing Atain to immediately withdraw from its defense of JKT;

      7.      As to all causes of action, for interest, including prejudgment interest;

      8.      As to all causes of action, for costs herein; and

      9.      For such other and further relief as this Court deems just and proper.

Dated:  November 18, 2019         MOKRI VANIS & JONES, LLP

                                                /s/ *GailAnn Y. Stargardter*
                                                GailAnn Y. Stargardter
                                                Attorneys for Plaintiff ATAIN SPECIALTY INSURANCE COMPANY

4847-9700-1645, v. 1