**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>               Plaintiff-Appellee,<br><br> v.<br><br>JKT ASSOCIATES, INC., a California domestic stock corporation,<br><br>               Defendant-Appellant,<br><br> and<br><br>ELIZABETH CHRISTENSEN, an individual; RICHARD MEESE, an individual; LORA EICHNER BLANUSA, M.D., an individual; KRISTI SYNEK, an individual; HIDDEN HILLS OWNERS' ASSOCIATION, a California business entity, form unknown,<br><br>               Defendants. | No. 20-16366<br><br>D.C. No. 3:19-cv-07588-SK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted May 12, 2021
San Francisco, California

Before: NGUYEN and COLLINS, Circuit Judges, and RAKOFF,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

JKT Associates, Inc. ("JKT") appeals the district court's summary judgment in favor of Atain Specialty Insurance Company ("Atain") in this insurance coverage dispute. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

JKT was hired by Lora Eichner Blanusa in 2011 to perform landscape and hardscape work on her home in the Hidden Hills subdivision of Napa, California. In 2019, after the property had been purchased by Richard Meese and Elizabeth Christensen, a catastrophic landslide occurred that caused portions of the rear of the property to slide downhill by 15 feet. Meese and Christensen filed suit in state court seeking damages from JKT, Blanusa, the developers of the subdivision, and the Hidden Hills Owners' Association ("HOA"). The owner of an adjacent property, Kristi Synek, filed a separate state-court action, naming as defendants the primary developer and the HOA. Although not expressly named, JKT fell within the Synek complaint's description of the "Design Professional Defendants" who were sued as unnamed "Doe" defendants. Moreover, the developer had previously informed JKT that it expected JKT to accept responsibility for repairs at both properties. JKT tendered both suits to its insurer, Atain, which provided a defense to JKT subject to a reservation of rights.

Three months later, invoking the district court's diversity jurisdiction, Atain filed this coverage action against JKT, Chistensen, Meese, Blanusa, Synek, and the

HOA. By stipulation, the remaining parties agreed to be bound by the outcome of the coverage litigation between JKT and Atain. The district court subsequently granted summary judgment to Atain, concluding that JKT's liability under the Messe/Christensen and Synek suits was not covered by Atain's policies and that Atain had no duty to defend JKT in those actions. By separate order, the court directed JKT to reimburse Atain for $105,608.59 in defense costs that Atain had incurred in defending JKT under the reservation of rights. JKT's premature notice of appeal from the summary judgment ruling became effective after the district court entered final judgment. *See* FED. R. APP. P. 4(a)(2).

## II

We agree with the district court's conclusion that the Atain policies' "Subsidence Exclusion" unambiguously precludes any possibility of coverage for the claims asserted against JKT in the Messe/Christensen and Synek suits. Atain therefore had no duty to defend JKT in those suits and no duty to indemnify JKT for any liability arising from those suits. *See Montrose Chem. Corp. v. Superior Ct.*, 861 P.2d 1153, 1160 (Cal. 1993) (holding that duty to defend goes beyond duty to indemnify and arises "if the underlying complaint alleges the insured's liability for damages *potentially* covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy").

The Subsidence Exclusion provides, in relevant part:

> This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability, claim, demand or cause of action arising, in whole or part, out of any "earth movement." This exclusion applies whether or not the "earth movement" arises out of any operations by or on behalf of any insured.
>
> "Earth movement" includes, but is not limited to, any earth sinking, rising, settling, tilting, shifting, slipping, falling away, caving, erosion, subsidence, mud flow or any other movements of land or earth.

Because a landslide is an "earth movement," the plain terms of this exclusion bar any coverage for any claim "arising, in whole or part," from the landslide at the Hidden Hills properties or from any "settling" or "slipping" that preceded that landslide, and it does so regardless of the cause of the landslide. *See, e.g.*, *City of Carlsbad v. Ins. Co. of the State of Pa.*, 102 Cal. Rptr. 3d 535, 536, 539 (Ct. App. 2009) (holding that an earth movement exclusion barring coverage for "'any property damage arising out of land subsidence for any reason whatsoever'" applied to earth movement caused by the insured). Accordingly, there can be a possibility of coverage, and a duty to defend, only if either the Meese/Christensen suit or the Synek suit seeks redress for non-landslide damages. Atain carried its burden to show, as a matter of law, that no such damages are at issue in either suit. *Montrose Chem.*, 861 P.2d at 1161.

The Meese/Christensen complaint does not allege any facts or claims

concerning injuries that occurred independent of the occurrence of the landslide and the earth movement that preceded it.  The opening paragraph of the complaint emphasizes that the various alleged breaches of duty combined to "destabilize[] the hillside and resulted in its catastrophic failure."  Likewise, in the concluding paragraph of the factual allegations that precedes the recitation of the various causes of action, the complaint summarizes its theory of causation-of-injury by stating that "defendants are jointly and severally liable for the catastrophic failure of the Property and, by this action, seek a determination of their comparative fault."  Moreover, the only specified damages alleged in the complaint all flow from the landslide—namely, the "cost of interim and permanent repairs to the Property, a diminution in the value of the Property, the value of lost use of the Property, and other costs, fees, expenses and damages."  To be sure, the Meese/Christensen complaint seeks all consequential damages flowing from the asserted breaches of duty and does not limit the relief requested to these enumerated items.  But there is nothing in the complaint, or in any reasonably conceivable plausible amendment of the complaint, that suggests that Meese and Christensen suffered any relevant injuries that are independent of the landslide.

     JKT nonetheless points to the allegation that, *prior* to the landslide, JKT's negligence "result[ed] in changes in drainage patterns on the Property and the unwanted accumulation of water in the backyard."  Nothing in the complaint,

however, supports an inference that the accumulation of water *itself* produced a compensable injury that was suffered in advance of the land movement, such as, for example, water damage to wooden backyard furniture, injury to costly backyard plants, or expenses in removing water. On the contrary, the complaint alleges only that JKT's actions in "allowing excess water to accumulate on the Property . . . thereby ma[de] it *susceptible to failure*" (emphasis added).[1] Because all injuries connected to the Meese/Christensen complaint "aris[e], in whole or part, out of . . . 'earth movement,'" there is no possibility of coverage under the Atain policies.

    We reach the same conclusion as to the Synek complaint. In alleging how the various alleged breaches injured Synek, the complaint states that, "[a]s a direct, proximate and legal result of the foregoing negligent acts and/or omissions, the Landslide did occur, and Plaintiff has sustained damages." JKT points to the Synek complaint's allegation that the improvements made by JKT to Blanusa's property "interfered with and encroached [upon] an easement for storm water and irrigation drainage in the backyard" of Blanusa's property (subsequently purchased

---

[1] To the extent that the Meese/Christensen complaint alleges, or could be amended to allege, a compensable injury arising from the allegation that JKT "broke or damaged drains, subdrains and drainpipes on and under the Property" at the time of the improvements in 2011, there is no plausible basis for inferring that any such compensable injury occurred during the 2018–2020 policy periods of the Atain policies, rather than at an earlier time.

by Meese and Christensen). But JKT does not point to any allegation in the Synek complaint that seeks compensable damage flowing from that alleged encroachment *apart* from its subsequent contribution to the landslide. Nor does it appear that the Synek complaint could plausibly be amended to assert such a claim. *See Kazi v. State Farm Fire & Cas. Co.*, 15 P.3d 223, 226, 229–30 (Cal. 2001) (holding that, because an easement "is not tangible property," there is "no potential coverage, and therefore no duty to defend," under comparably worded coverage language, with respect to a claim concerning "interference" with an easement).

Because there is no potential for coverage, Atain had no duty to defend and no duty to indemnify. The district court therefore correctly granted summary judgment.

**AFFIRMED.**